1546

FILED
OCT 27 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF PA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 26- 230 |
| v. | ) | |
| | ) | (18 U.S.C. §§ 1343 and 2; |
| MICHAEL SPARACINO | ) | and 29 U.S.C. § 501(c)) |

**INDICTMENT**

The grand jury charges:

GENERAL ALLEGATIONS

1. At all times material to this Indictment, United Steelworkers Local 1211 (Local 1211) was a labor organization in the Western District of Pennsylvania that was engaged in an industry affecting commerce and subject to the Labor Management Reporting and Disclosure Act (LMRDA) of 1959, 29 U.S.C. § 401, et seq.

2. Under the LMRDA, a labor organization is required to report and disclose certain financial transactions to prevent abuses in the administration of the organization.

3. Every labor organization subject to the LMRDA with total annual receipts of less than $250,000 must file Labor Organization Annual Report Form LM-3 with the Secretary of Labor within 90 days of the end of the organization's fiscal year.

4. At all times material to this Indictment, the defendant, MICHAEL SPARACINO, served as the Financial Secretary for Local 1211, and was required to file Form LM-3 on behalf of the union within 90 days of the end of the organization's fiscal year.

5. As Financial Secretary of Local 1211, defendant MICHAEL SPARACINO was required to disclose and report on Form LM-3 all salaries, allowances, and disbursements to officers during the reporting period. A "direct disbursement" to an officer is a payment made by an organization to the officer in the form of cash, property, goods, services, or other things of

value. The defendant, MICHAEL SPARACINO, was required to disclose and report both disbursements made in conducting official business and disbursements made for his own personal benefit, which were not necessary for conducting the official business of Local 1211.

6. At all times material to this Indictment, Local 1211 maintained a business checking account with Citizen's Bank that served as its general fund. The general fund was comprised of dues paid by Local 1211's members, along with interest accrued on the account balance. Local 1211 made all payments for authorized union business from the business checking account. In order to issue payments from the account, a motion was required to be made at Local 1211's monthly meeting. After a motion was approved, Local 1211's Financial Secretary would write the check to pay the expense and sign the check. Thereafter, Local 1211's President would either sign the check or authorize the Financial Secretary to sign the President's name to the check. In the absence of authorization, the Financial Secretary was not permitted to sign the President's name to a check.

7. As Financial Secretary of Local 1211, the defendant, MICHAEL SPARACINO, had access to Local 1211's check book and was required to record information in the Financial Secretary's Cash Book regarding checks written on behalf of Local 1211; to include: check number, payee, and amount.

## COUNTS ONE THROUGH FOUR

The grand jury further charges:

8. Paragraphs 1 through 7 are incorporated as if fully set forth herein.

### THE SCHEME TO DEFRAUD

9. From in in and around January 1, 2020, and continuing thereafter to in and around June 30, 2025, in the Western District of Pennsylvania and elsewhere, the defendant, MICHAEL SPARACINO, devised and intended to devise a scheme and artifice to defraud and for

obtaining money by means of false and fraudulent pretenses, representations, and promises, well knowing at the time that the pretenses, representations, and promises were false and fraudulent when made.

10. It was a part of the scheme and artifice to defraud that the defendant, MICHAEL SPARACINO, would write checks from Local 1211's business checking account to himself without authorization to do so on approximately fifty-nine (59) occasions.

11. It was further a part of the scheme and artifice to defraud that the defendant, MICHAEL SPARACINO, would sign the name of Local 1211's President to checks written to himself without the President's authorization.

12. It was further a part of the scheme and artifice to defraud that, to conceal his scheme, the defendant, MICHAEL SPARACINO, would falsify the name of the payee on checks written to himself within the Financial Secretary's Cash Book, or otherwise not record any entries for checks written to himself within the Financial Secretary's Cash Book.

13. It was further a part of the scheme and artifice to defraud that, to conceal his scheme, the defendant, MICHAEL SPARACINO, would falsely state on Forms LM-3 filed with the Secretary of Labor that he had no allowances and direct disbursements made for his own personal benefit when he had cashed checks to himself that were drawn from Local 1211's business checking account.

14. It was further a part of the scheme and artifice to defraud that the defendant, MICHAEL SPARACINO, stole, purloined, converted, and embezzled approximately $115,979.62 from Local 1211's business checking account for his own personal benefit and use.

THE WIRE COMMUNICATIONS

15. On or about each of the dates set forth below, in the Western District of Pennsylvania and elsewhere, the defendant, MICHAEL SPARACINO, for the purpose of

executing and attempting to execute the scheme and artifice to defraud, did transmit and cause to be transmitted in interstate and foreign commerce, by means of a wire communication, certain signs and signals, that is, an electronic request to transfer funds from Local 1211's business checking account, routed from a First National Bank in the Western District of Pennsylvania to Citizens Bank's servers in Rhode Island, as described below for each count, each transmission constituting a separate count of this Indictment:

| COUNT | TRANSFER DATE | CHECK NUMBER | AMOUNT OF WIRE TRANSFER |
|---|---|---|---|
| **ONE** | June 20, 2025 | 8614 | $2,000.00 |
| **TWO** | April 25, 2025 | 8577 | $3,025.00 |
| **THREE** | March 25, 2025 | 8527 | $1,600.00 |
| **FOUR** | December 20, 2024 | 8443 | $2,800.00 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

**COUNT FIVE**

The grand jury further charges:

16. Paragraphs 1 through 7 are incorporated as if fully set forth herein.

17. From in and around January 1, 2020, and continuing thereafter to in and around June 30, 2025, in the Western District of Pennsylvania, the defendant, MICHAEL SPARACINO, while an officer, that is, the Financial Secretary of United Steelworkers Local 1211, a labor organization engaged in an industry affecting commerce, did embezzle, steal, and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization.

In violation of Title 29, United States Code, Section 501(c).

A True Bill,

FOREPERSON

TROY RIVETTI
United States Attorney
PA ID No. 56816

BRENDAN J. McKENNA
Assistant United States Attorney
PA ID No. 314315